D. Maimon Kirschenbaum (DK-2338)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Richard J. (Rex) Burch
Seeking Admission Pro Hac Vice
Texas Bar No. 24001807
Michael K. Burke
Seeking Admission Pro Hac Vice
BRUCKNER BURCH PLLC
1000 Louisiana, Suite 1300
Houston, Texas 77002
Tel: 713-877-8▇▇▇
Fax: 713-877-8▇▇▇

*Attorneys for Plaintiff, the FLSA Collective Plaintiffs and the proposed Class*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
MATTHEW DAVIS and RAUL MENDEZ
on behalf of himself and others similarly
situated,

                    **Plaintiff,**

v.

JULY 96 CORP. d/b/a METRO DINER,
MANHATTAN DINER, CITY DINER, and
KEY WEST, and FANIS TSIAMTSIOURIS,

                    **Defendants.**
-----------------------------------------------------------x

INDEX NO: 07 cv 2361 (HB)(JCF)

**AMENDED COMPLAINT**

**FLSA COLLECTIVE ACTION**
**AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1.    Plaintiff Matthew Davis, on behalf of himself and all others similarly situated, alleges as follows:

### JURISDICTION AND VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that the form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because all Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant July 96 Corp. is a New York corporation with its principal executive offices in New York, New York. Upon information and belief, there are currently four diners located on the Upper West Side of Manhattan that are managed by this entity and subject to the claims for relief alleged herein: Manhattan Diner, City Diner, Metro Diner, and Key West.

5. Defendant Fanis Tsiamtsiouris is the Chief Executive Officer of July 96 Corp. and exercises sufficient control of its day to day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendant Tsiamtsiouris is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

6. All Defendants are hereinafter referred to collectively as Defendants.

7. Plaintiff Matthew Davis is a New York resident and has been employed by Defendant as a chef since 2003.

8. Plaintiff Matthew Davis is a New York resident and has been employed by Defendant as a chef since 2003.

9. Plaintiff Raul Mendez is a New York resident and has been employed by Defendant as a busboy for approximately one year.

2

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in any non-exempt position, including but not limited to chefs, waiters, and busboys on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and time and a half rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13. Plaintiff Mendez ("New York Plaintiff") bring the New York state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt persons employed by Defendants in any non-exempt position,

including but not limited to waiters and busboys on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14. All said persons, including New York Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

15. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than one hundred (100) members of the Class.

16. New York Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17. New York Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. New York Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of

common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed or jointly employed New York Plaintiff and the Class within the meaning of the New York law.

    b) What proof of hours is sufficient where Defendants failed in their duty to maintain time records.

    c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime wages.

    d) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked.

    e) Whether Defendants paid New York Plaintiff and the Class members their regular rate of pay for all hours worked.

    g) Whether Defendants failed and/or refused to pay New York Plaintiff and the Class premium pay for hours worked in excess of forty per workweek within the meaning of New York law.

h)   What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

i)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

j)   What are the common conditions of employment and in the workplace, such as record keeping, breaks, and policies and practices regarding labor budgeting, that affect whether the Class was paid at overtime rates for overtime work.

k)   Whether Defendants compensated the Class in a timely manner.

## FACTS

21.   Plaintiff Mendez' and Davis' Consent to Sue under the FLSA is attached hereto as Exhibit A.

22.   Defendants committed the following acts knowingly and willfully.

23.   Defendants knew that nonpayment of all wages owed and overtime wages would economically injure Plaintiffs and violate federal and/or state laws.

24.   Plaintiff Davis works as a chef for Defendants at their City Diner location.

25.   Throughout Plaintiff's employment with Defendants, Defendants have failed to pay him the amount of money that they promised him when his employment commenced.

26.   In early 2006, Defendants promised to raise Plaintiff's pay.

27.   Again, Defendants failed to pay Plaintiff for the amount promised him.

7

28. Defendants do not compensate in a timely manner other chefs and waiters for all of their earned wages.

29. Plaintiff Mendez is scheduled to work and routinely works sixty hours per week.

30. Defendants pay Plaintiff Mendez $130 per workweek, regardless of how many hours Plaintiff Mendez works.

31. Plaintiffs and other nonexempt employees routinely work in excess of 40 hours per workweek without receiving additional overtime compensation.

32. Defendants dock Plaintiff Davis' pay when he misses all or a part of a workday.

33. Plaintiffs sustained substantial losses from Defendants' failure to pay them for their earned wages and their failure to pay him proper overtime compensation.

34. Plaintiff Mendez is not compensated New York "spread of hours" premium for days on which he works more than 10 hours.

35. Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs and/or members of the Class were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

36. Defendants, through their corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage and Record Keeping**
**Violations, 29 U.S.C. §§ 201** *et seq.*

**Brought by Plaintiff Mendez on Behalf of Himself
and the FLSA Collective Plaintiffs)**

37. Plaintiff Mendez, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

38. Plaintiff Mendez is informed and believes and thereon allege that at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA.

39. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff Mendez the federal minimum wage for each hour worked.

40. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

41. At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff Mendez and the other FLSA Collective Plaintiffs, including records sufficient to the accurately determine the wages and hours of employment pertaining to Plaintiff and the other FLSA Collective Plaintiffs.

42. Plaintiff Mendez, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)

43.  Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

44.  Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

45.  At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

46.  At all relevant times, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

47.  Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by New York Plaintiff on Behalf of Himself and the Class)

48. New York Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

49. Defendants knowingly and willfully failed to pay New York Plaintiff and the Class members the New York minimum wage for all hours worked.

50. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, New York Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by New York Plaintiff on Behalf of Himself and the Class)

51. New York Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

52. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

53. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed, and continue to fail to pay New York Plaintiff and the Class at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

11

60. By failing to pay New York Plaintiff and the Class their wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

61. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, New York Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

### SEVENTH CLAIM FOR RELIEF
### (New York Timely Payment of Wages Provisions, N.Y. Lab. L. § § 190 *et seq.* Brought by Plaintiff Davis)

62. Plaintiff Davis realleges and incorporates by reference all previous paragraphs.

63. By failing to pay Plaintiff Davis his wages owed, Defendants blatantly disregarded their obligation under N.Y. Lab. Law § 191 to pay employees' wages not less frequently than semi-monthly.

64. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff Davis sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, liquidated damages, costs, and attorneys' fees, pursuant to N.Y. Lab. Law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

    A. A declaratory judgment that the practices complained of herein are unlawful under FLSA;

13

54. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, New York Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)
Brought by New York Plaintiff on Behalf of
Himself and the Class)

55. New York Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

56. New York Plaintiff and the Class members regularly worked more than 10 hours in a workday.

57. Defendants willfully failed and intentionally failed to compensate New York Plaintiff and/or Class members one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, New York Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### SIXTH CLAIM FOR RELIEF
(New York Timely Payment of Wages Provisions,
N.Y. Lab. L. §§ 190 *et seq.*)
Brought by New York Plaintiff on Behalf of
Himself and the Class)

59. New York Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

B.  Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C.  Designation of Plaintiffs as representative of the FLSA Collective Plaintiffs;

D.  Certification of the New York state law claims as a class action brought pursuant to FRCP Rule 23;

E.  Designation of the New York Plaintiff as a representative of the Class;

F.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.  Costs of action incurred herein, including expert fees;

H.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

I.  Pre-Judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       March 22, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

Richard J. (Rex) Burch
Seeking Admission Pro Hac Vice
Texas Bar No. 24001807
Michael K. Burke
Seeking Admission Pro Hac Vice
BRUCKNER BURCH PLLC
1000 Louisiana, Suite 1300
Houston, Texas 77002
Tel: 713-877-8788
Fax: 713-877-8065

*Attorneys for Plaintiff, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.

# Exhibit A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by July 96 Corp. and/or related entities, and Fanis Tsiamtsiouris. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_MATThew DAViS_
Full Legal Name (Print)

_[signature]_
Signature

_3/21/07_
Date

_3105 decATUR ave_
_Apt 22c_
_Bronx N.y, 10467_
_646-483-6603_
Mailing Address (Print)

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by July 96 Corp. and/or related entities, and Fanis Tsiamtsiouris. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Raul Mendez_
Full Legal Name (Print)

_[signature]_
Signature

_3/22/07_
Date

_011-52 53102 1284 (cell)_

_____

_____

Mailing Address (Print)